a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LINDA ESPINAL CERRATO #A098-993-517 | CIVIL ACTION NO. 6:26-CV-01994 SEC P |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| WARDEN SOUTH LOUISIANA PROCESSING CENTER | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No.1) filed by Petitioner Linda Espinal-Cerrato ("Espinal-Cerrato"). At the time of filing, Espinal-Cerrato was an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana.

Because Espinal-Cerrato has been removed, the Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I. Background

Espinal-Cerrato is a native and citizen of Honduras who entered the United States on July 20, 2005. ECF No. 1 at 5. She was granted voluntary departure on May 21, 2026, and did not appeal.[1] According to the online detainee locator system, Espinal-Cerrato is no longer detained.[2] Court staff verified the online information—Espinal-Cerrato was removed by charter flight.

[1]Executive Office for Immigration Review automated case information, https://acis.eoir.justice.gov/en/caseInformation

[2] https://locator.ice.gov/odls/#/results

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

## III. Conclusion

Because Espinal-Cerrato is no longer detained, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, August 6, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE